IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BENNY STEWART,<br><br>Petitioner,<br><br>vs.<br><br>TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA; STATE OF MONTANA,<br><br>Respondents. | Cause No. CV-18-04-BU-BMM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Benny Stewart filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 2) and a proposed Complaint alleging various irregularities in his state criminal proceedings. (Doc. 1). The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### I.  Motion To Proceed In Forma Pauperis

Stewart filed his motion to proceed in forma pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 2). The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Stewart must pay the statutory filing fee of

$350.00. 28 U.S.C. § 1915(b)(1). Stewart submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S. Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Stewart will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Stewart must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Stewart is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   Initial Screening

Stewart is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III.  Analysis

#### A. Factual Background

Following a jury trial in Montana's Second Judicial District Court, Butte-Silverbow County, Stewart was convicted of one count of Incest. Stewart filed a direct appeal arguing: (1) he was entitled to a new trial due to law enforcement's

warrantless monitoring and recording of telephone calls between Stewart and his daughter; and, 2) the trial court abused its discretion in admitting a series of sexually oriented photographs Stewart took of his daughter. The Montana Supreme Court denied Stewart relief and affirmed his conviction. *State v. Stewart*, 2012 MT 317, 367 Mont. 503, 291 P. 3d 1187.

Stewart then filed a state petition for a writ of habeas corpus. There, Stewart argued his conviction was facially invalid and his rights to equal protection and due process were violated. The Montana Supreme Court denied his petition. *Stewart v. Green*, OP 13-660, Or. (Mont. Oct. 22, 2013).

Stewart next filed a petition for postconviction relief in the trial court asserting ineffective assistance of both trial and appellate counsel. Stewart's petition for postconviction relief was denied at the trial court level, and the denial was affirmed by the Montana Supreme Court. *Stewart v. State*, DA 14-0347, 2015 MT 135N, Or. (Mont. May 19, 2015).

Stewart next filed a petition for postconviction relief in this Court. *See Stewart v. Green*, CV-15-36-BU-DLC-JCL, Pet. (Doc.1) (filed July 22, 2015). There, Stewart raised the following ten claims: (1) the wiretap installed on Stewart's home phone line constituted an illegal search because it was done without a warrant in violation of the Federal Wiretap Act (doc. 1 at 4); (2) the search warrant used to access Stewart's home did not encompass computers and

cameras, thus, the search of these items violated the Fourth Amendment (*id*. at 5); (3) the search warrant used to search Stewart's home was overly broad and was unlawfully extended to his vehicle, resulting in an illegal search and seizure (*id*. at 6); (4) the search warrant and supporting documents were not filed in the district court and the failure to file them violated state and federal law, rendering the warrant invalid (*id*. at 7); (5) Stewart was denied a grand jury and probable cause hearing in violation of the Fifth Amendment (*id*. at 8); (6) the trial judge unreasonably applied the rape shield law in order to preclude evidence and prevented Stewart from confronting his accuser in violation of the Sixth and Fourteenth Amendments (*id*. at 9); (7) Stewart's wife was unlawfully called as a witness in violation of the Marital Communication Clause (*id*. at 10); (8) the prosecution unlawfully withheld *Brady* information from Stewart in violation of the Fourteenth Amendment (*id*. at 11);( 9) trial counsel and appellate counsel were both ineffective for failing to correct these constitutional violations (*id*. at 12); and, (10) Stewart's due process and equal protection rights were violated when he was not allowed to amend his postconviction petition (*id*. at 13). This Court addressed each of Stewart's claims and recommended the petition be denied on the merits. *Stewart v. Green*, CV-15-36-BU-DLC-JCL, Find. & Rec. (Doc.18) (filed August 9, 2016). The Findings and Recommendations were adopted in full. *Stewart v. Green*, CV-15-36-BU-DLC-JCL, Or. (D. Mont. Sept. 19, 2016); Judg. (Sept. 19,

2016). The Ninth Circuit denied Stewart a certificate of appealability, *Stewart v. Green*, No. 16-35779, Or. (9th Cir. Mar. 20, 2017); and the United States Supreme Court denied Stewart's petition for a writ of certiorari, *Stewart v. Green*, No. 16-9100, Or. (Oct. 2, 2017).

In the instant matter Stewart complains: (1) the trial court lacked subject matter jurisdiction due to the faulty charging manner utilized by the State of Montana in violation of Stewart's Fifth, Sixth, and Fourteenth Amendment rights, (Doc. 1 at 3); (2) the trial court judge was biased because he was involved in the accusatory process and then failed to recuse himself, (*id*. at 4); (3) the trial court's decision regarding the warrantless wiretap violated federal law and Stewart's constitutional rights (*id*. at 5); (4) the overly broad search warrant resulted in an unlawful search in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments (*id*. at 7); and, (5) the cumulative nature of these errors demonstrates the ineffective assistance provided by both trial and appellate counsel (*id*. at 8). Stewart asserts he has been falsely accused and imprisoned and requests this Court grant him a preliminary injunction, grant him a permanent injunction, vacate the judgment of conviction, and restore his constitutional rights and freedom. *Id*. at 9.

### B. Analysis

The allegations Stewart raises in the instant complaint are the same or similar to claims he previously advanced in the various challenges he has mounted

in the state courts and before this Court. In short, Stewart contends he was wrongfully convicted, following irregular proceedings, of a crime he did not commit. But such a claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (footnotes omitted).

The Ninth Circuit has likewise held, "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" *Beets v. County of Los Angeles*, 669 F. 3d 1038, 1042 (9th Cir. 2012)(quoting *Heck*, 512

U.S. at 487).

All of Stewart's previous challenges to his Incest conviction have been unsuccessful. Accordingly, the pending civil rights action seeking to undermine the conviction is barred unless and until his conviction is called into question. Were Stewart to prevail in this action, his criminal conviction would necessarily be called into question, which is prohibited by *Heck* until the conviction is overturned. 512 U.S. at 490.

## IV.  Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Stewart has failed to state a claim upon which relief may be granted. This is a defect which could not be cured by amendment; leave to amend would be futile. This matter should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Stewart has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 1) to remove the word "LODGED" and the Complaint is deemed filed on January 9, 2018.

Further the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaint filed in this case are frivolous as they lack arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Stewart failed to state a claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Stewart may file objections to these Findings and Recommendations within fourteen (14) days after service.[1] 28 U.S.C. § 636. Failure to timely file written

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Stewart is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2018.

>*/s/ Jeremiah C. Lynch*
>Jeremiah C. Lynch
>United States Magistrate Judge