# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| BENNY STEWART,<br><br>Petitioner,<br><br>vs.<br><br>TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA; STATE OF MONTANA,<br><br>Respondents. | CV-18-04-BU-BMM-JCL<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff Benny Stewart, appearing pro se, proceeds in forma pauperis under 28 U.S.C. § 1915(a)(1). The Court must conduct a preliminary screening of the allegations set forth in the pleading as required under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires dismissal of the action if the allegations fail to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

Judge Lynch entered Findings and Recommendations in this matter on March 16, 2018. (Doc. 10.) Judge Lynch determined Stewart's allegations in his initial Complaint were insufficient to state a claim upon which relief could be granted. *Id.* Judge Lynch further determined that leave to amend the Complaint would be futile. *Id.* Stewart timely filed an objection. (Doc. 12.) The Court reviews *de novo* Findings and Recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

Judge Lynch determined that the allegations that Stewart raises in his Complaint are the same or similar to claims that he previously advanced in the various challenges he has brought in state court and before this Court. (Doc. 10 at 7.) Stewart contends that the state court wrongfully convicted him of a crime that he did not commit. *Id.* Judge Lynch determined that such claim remains barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court, in *Heck*, determined that in order to recover damages for allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal . . . ." *Id.* at 486-87.

Judge Lynch determined that all of Stewart's previous challenges to his Incest conviction have been unsuccessful. (Doc. 10 at 9.) Stewart's pending civil rights action seeking to undermine his conviction will be remain barred, unless and until, his conviction is called into question. Stewart objects to his claim being

classified as a 42 U.S.C. § 1983 claim. (Doc. 12 at 1.) Stewart argues that the petition should not have been filed. *Id.* He argues, instead, that the petition should have been a tort claim and he should be granted the opportunity to file an amended Complaint. *Id.* Stewart further argues that the State of Montana intentionally violated his rights to imprison him. *Id.* at 2. The Court finds persuasive that Stewart's claims remain barred by *Heck*. Stewart has failed to state a claim upon which relief could be granted.

The Court has reviewed Judge Lynch's Findings and Recommendations for de novo. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 10), are ADOPTED IN FULL.

**IT IS ORDERED** that the Clerk shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the docket shall reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Stewart failed to state a claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief."

DATED this 25th day of April, 2018.

Brian Morris
United States District Court Judge